# MARK BRADFORD, P.C.

299 12th Street
Brooklyn NY 11215-4903
347·413·3287
mb@markbradfordpc.com
www.markbradfordpc.com

August 23, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/12

**By Facsimile (212) 805-6382 (Page 1 of 2)**

Hon. Victor Marrero, U.S.D.J.
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

    Re:    *Accantia Group Holdings, et al. v. Food Market Merchandising, Inc.*,
            Index No. 12-cv-5042 (VM) (S.D.N.Y.)

Dear Judge Marrero:

    I have just today been formally retained as local counsel for defendant Food Market Merchandising, Inc. ("FMMI"), in the above-referenced litigation. It is my understanding from consultation with Carl Christensen, Esq., FMMI's counsel in Minneapolis that FMMI's response to the Complaint in this matter is due today, and that plaintiffs' counsel is unwilling to grant any further extensions of the deadline. FMMI is prepared to move to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), in lieu of serving and filing an answer. However, immediately upon my being retained by FMMI, I alerted co-counsel and the client as to this Court's requirement under Rule II.A of its Individual Practices that FMMI's prospective motion for dismissal must be preceded by a letter to opposing counsel, *inter alia*, "setting forth the specific pleading deficiencies in the complaint and other reasons or controlling authorities that defendant contends would warrant dismissal." FMMI's counsel has today sent this required letter to opposing counsel.

    However, in a telephone conversation earlier today with the clerk of the Court responsible for this matter, I was also informed that such a letter would not toll FMMI's deadline to respond to the Complaint. Accordingly, we respectfully request that this Court extend FMMI's deadline to respond to the Complaint for two weeks from today or, alternatively, from seven calendar days following plaintiffs' response to FMMI's letter. FMMI's arguments with respect to the Complaint's jurisdictional defects are meritorious. No act or incident directly linked to the forum is alleged sufficient for jurisdiction under CPLR § 302, nor are the classic indicia of FMMI "doing business" in New York present sufficient for jurisdiction under CPLR § 301. We acknowledge, with apology, that the Court's practice rule contemplates that a letter such as the above-referenced letter to plaintiff's counsel should be sent in time the first party to receive a response and still timely serve and file its response

Hon. Victor Marrero, U.S.D.J.                                        Page 2 of 2
August 23, 2012

to the complaint. It is unlikely, however, that that the minimal extension requested by FMMI in this instance would prejudice plaintiffs or inconvenience this Court.

    We thank the Court for its time and consideration of this matter.

                                Sincerely,

                                Mark Bradford

cc:    All Counsel
       (by email)

---

**Request GRANTED.** The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to 9-21-12. Defendant may seek a further **SO ORDERED.** extension during the Court's review of the pre-answer correspondence referred to above.

9-5-12
DATE        VICTOR MARRERO, U.S.D.J.