# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

GREGORY P. GULIA
DIRECT DIAL: +1 212 692 1027
FAX: +1 212 692 1020
E-MAIL: gpgulia@duanemorris.com

www.duanemorris.com

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:*
*DATE FILED: 10/12/12*

October 8, 2012

**BY FACSIMILE AND HAND DELIVERY (212) 805-6382**

Hon. Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Accantia Group Holdings, et al. v. Food Market Merchandising, Inc.*
    Case No. 12 Civ. 5042

Dear Judge Marrero:

We represent Accantia Group Holdings d/b/a Accantia Group Holdings Company and Conopco, Inc. d/b/a Unilever (collectively, "Unilever"). We write in response to the letter submitted by defendant Food Market Merchandising, Inc. ("Defendant" or "FMMI") dated September 27, 2012 seeking to transfer this action to the District of Minnesota. Defendant's motion should be denied because it has failed to meet the high burden to justify disturbing Unilever's choice of forum.

In moving to transfer venue under § 1404(a), Defendant must "satisfy a heavy burden to persuade the court that transfer is warranted." *Frene v. Kmart Corp.*, 1998 U.S. Dist. LEXIS 11572, at *5 (S.D.N.Y. July 29, 1998). The relevant factors are: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties" as well as "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Medien Patent Verwaltung AG v. Warner Bros. Entertainment, Inc.*, 749 F. Supp. 2d 188, 190 (S.D.N.Y. 2010). Further, the movant "must support the transfer application with an affidavit containing detailed factual statements relevant to the factors to be considered by the court in its transfer decision ...." *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 209 (S.D.N.Y. 1998).

**Unilever's Choice of Forum and Locus of Operative Facts**. "[P]laintiff's choice of forum is to be given substantial weight and should not be disturbed unless the balance of convenience and justice weigh *heavily* in favor of defendant's proposed forum ...." *Toy Biz, Inc. v. Centuri Corp*, 990 F. Supp. 328, 330 (S.D.N.Y. 1998) (emphasis added); *Gross v. BBC*, 386 F.3d 224, 230 (2d Cir. 2004) (holding "our legal system has traditionally deferred to the plaintiff's choice of forum, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be

DUANE MORRIS LLP
1540 BROADWAY   NEW YORK, NY 10036-4086         PHONE: +1 212 692 1000   FAX: +1 212 692 1020

Hon. Victor Marrero
October 8, 2012
Page 2

disturbed"). Here, Defendant does not challenge the validity of Unilever's choice of forum—nor can it—as plaintiff Conopco, Inc. is a New York corporation that has suffered an injury in New York as a result of Defendant's tortious acts in New York. Unilever's choice is thus entitled to great deference.

Defendant's argument that the Court's deference to Plaintiffs' choice of forum is undermined because Defendant makes its goods in Minnesota and sells them nationwide[1] has been unequivocally rejected by courts in this district. "In an action for trademark infringement and unfair competition, the initial forum is the locus of the operative facts *if the allegedly infringing products are sold in that forum*, even though the defendant manufactures the allegedly infringing product in the transferee forum." *Id.* (emphasis added); *see also Toy Biz v. Centuri Corp.*, 990 F. Supp. 328, 331 (S.D.N.Y. 1998) (holding that, in an action for trademark infringement, the locus of operative facts was in New York because the infringing products were sold in New York, regardless of the fact that defendant manufactured the product in the transferee forum and sold the products throughout the country); *Orb*, 6 F. Supp. 2d at 209 (same). Here, Defendant admits that it sold the infringing goods in New York.

Indeed, Defendant's cases are all inapposite. In *Carrie Forbes, Inc. v. The Gap, Inc.*, 94 Civ. 5337, 1994 Lexis 17613, at *(S.D.N.Y. Dec. 8, 1994), defendant did not sell any products in New York. Similarly, in *Kwik Goal, Ltd. v. Youth Sports Pub. Inc.*, 2006 U.S. Dist. 34460, at *8 (S.D.N.Y. May 31, 2006), defendant sold goods via a website, but did not sell its products in stores in New York. *ACE One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 526, 530 (S.D.N.Y. 2004), concerned the purchase of infringing copyright materials in California—not New York. *Herbert Ltd. Partnership v. Electronic Arts Inc.*, 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004), concerned a breach of a contract dispute with no discernible connection to New York.

**Convenience for Parties.** "Although courts can consider the relative means of the parties, this factor is not entitled to great weight where plaintiff and defendant are both corporations." *Toy Biz, Inc.*, 990 F. Supp. at 331. Here, Defendant is a large corporation and admits to sales of at least $23 million since 2010. As a multi-million dollar company that sells and distributes products nationwide, Defendant cannot credibly claim that it does not possess the means to defend itself in this action. Moreover, "Plaintiff's choice of forum is to be respected whenever a transfer would merely shift the inconveniences from one party to another." *Capitol Records, Inc. v. Kuang Dyi Co. of RM*, 2004 U.S. Dist. LEXIS 3305, at *10 (S.D.N.Y. Mar. 1, 2004); *Farberware Licensing Co. LLC v. Meyer Mktg. Co.*, 2009 U.S. Dist. LEXIS 40782 (S.D.N.Y. May 14, 2009) ("purpose of a transfer of venue is not to shift the inconvenience from one party to the other").

**Convenience of Witnesses.** Not only has Defendant failed to submit a declaration or affidavit attesting to the statements in its letter, but Defendant's letter is rife with vague statements with respect to its alleged, unidentified witnesses and blatant errors as to the relevance of testimony. "Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are an insufficient basis upon which to grant a change of venue under § 1404(a)." *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 208-209

---

[1] Indeed, Defendant's claim as to its nationwide sales is not only irrelevant but also betrays a fast and loose hand with the facts. Defendant claims that its New York sales of Simply products amounts to a small percentage of its total of $23 million sales of FMMI products. This is completely irrelevant, but the percentage should be of Defendant's nationwide sales of Simply products, not all of FMMI's vast of line of products.

Hon. Victor Marrero
October 8, 2012
Page 3

(S.D.N.Y. 1998). Moreover, "Defendant may not artificially inflate the number of witnesses to be inconvenienced absent transfer by listing witnesses whose testimony is not material." *NBA Props., Inc. v. Salvino, Inc.*, 2000 U.S. Dist. Lexis 3799, at *20 (S.D.N.Y. Mar. 27, 2000). Although Defendant identifies four witnesses and numerous unidentified purported witnesses, the alleged testimony appears to be cumulative and unnecessary. For example, Defendant claims that Paul Henson, Jon Tollefson, Leo Winkleman and an unknown "freelance artist located in Minnesota" will all testify as to the ownership and control of FMMI's mark, its design and/or development of the alleged SIMPLY mark. Moreover, the testimony is simply irrelevant as Defendant's "ownership, control, development, due diligence, and prosecution" of the Simply mark are all irrelevant to a defense in a trademark case, which concerns the question of likelihood of confusion caused by defendant's mark. Similarly, FMMI identifies multiple witnesses (i.e., Paul Henson, Jon Tollefson, Aaron Bible, and "FMMI's sales team") who all "supposedly" will be testifying as to FMMI's sales of the SIMPLY products. Furthermore, Defendant's witnesses will not be inconvenienced by travel to New York because Unilever is willing to depose these individuals in Minnesota. In contrast, Unilever identifies eleven party and five non-party witnesses located in the New York City area, all of whom are material. *See* the attached Declaration of Gregory P. Gulia. Accordingly, Defendant's motion to transfer merely attempts to shift the inconvenience from one party to another and is thus insufficient to justify transfer.

**The Relative Ease of Access to Sources of Proof.** The Simple® trademark has been in use by Unilever and its predecessors since 1953, well prior to the digital era. Unilever's documentation evidencing this extensive use cannot be easily transported to Minnesota. It will be far more voluminous that Defendant's documents and would be inconvenient for Unilever to transport copies of these documents to Minnesota than it would be for Defendant to review the relevant documents in New York.

**Forum Familiarity, Trial Efficiency and the Interest of Justice.** These factors weigh strongly against transfer. Transfer is unwarranted where a New York court is more familiar with the law of any of the claims at issue. *See Farberware* 2009 U.S. Dist. LEXIS 40782, *10-*11 ("This Court is undoubtedly more familiar with the law governing the New York state law claims, and thus, this factor weighs against transfer."); *Fifth Ave. of Long Island Realty Assocs. v. Caruso Mgmt. Co.*, 2009 U.S. Dist. LEXIS 13369, at *45 (E.D.N.Y. Feb. 17, 2009) (same). This Court is undoubtedly more familiar with the law governing the New York state law claims plead by Unilever. Moreover, this district has a strong interest in this case since Defendant chose to market and sell its infringing products in New York stores, one of the Plaintiffs is a New York corporation and the location of the infringement and harm are both in New York. This Court has an interest in ensuring its residents are not doing business with parties who sell infringing products. Transfer would thus be improper.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiffs.

SO ORDERED.

10-12-12
DATE       VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Gregory P. Gulia

Enclosure

Hon. Victor Marrero
October 8, 2012
Page 4

cc:     All Counsel of Record (by electronic mail)

10/08/2012 23:30 Case 1:12-cv-05042-VM Document 8 Filed 10/12/12 Page 4 of 8 ☒004/008

Hon. Victor Marrero
October 8, 2012
Page 4

DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
R. Terry Parker
1540 Broadway
New York, NY 10036

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ACCANTIA GROUP HOLDINGS d/b/a ACCANTIA GROUP HOLDINGS COMPANY and CONOPCO, INC. d/b/a UNILEVER<br><br>Plaintiffs,<br><br>v.<br><br>FOOD MARKET MERCHANDISING, INC.,<br><br>Defendant. | **Case No.: 12 Civ. 5042**<br><br>**DECLARATION OF GREGORY P. GULIA IN OPPOSITION TO DEFENDANT'S REQUEST TO TRANSFER VENUE** |

I, Gregory P. Gulia, hereby declare:

1. I am a partner at Duane Morris LLP, counsel for plaintiffs Accantia Group Holdings d/b/a Accantia Group Holdings Company and Conopco, Inc. d/b/a Unilever in the above-referenced action (collectively, "Unilever"). I respectfully submit this declaration in opposition to the request to transfer venue by defendant Food Market Merchandising, Inc. ("Defendant").

2. I have spoken with representatives of Unilever as to who would be the most relevant witnesses for this case. Unilever has identified some of the potential witnesses who have information that is material to this litigation. All of these witnesses live in either New York, New York, the New York metropolitan area, or in England.

3. Here is a list of party witnesses identified by Unilever who live in New York, New York or in the New York metropolitan area and who will be inconvenienced if this action is transferred to the District of Minnesota:

| Witness | Title | Knowledge | Location |
|---|---|---|---|
| Leslie Miller | Brand Manager | Unilever's brand strategy for products sold under the SIMPLE® trademark | Resides in New York, NY and works in New York, NY and Englewood Cliffs, NJ |
| Ginn Boswell | Brand Manager | Unilever's marketing strategy for the expanded SIMPLE® product line | Works in New York, NY and Englewood Cliffs, NJ |
| Anisha Raghavan | Brand Manager | Unilever's ownership of the of the SIMPLE® trademark | Resides in New York, NY and works in New York, NY and Englewood Cliffs, NJ |
| Alison Clark | Brand Director | Unilever's use of the of the SIMPLE® trademark | Resides in New York, NY and works in New York, NY and Englewood Cliffs, NJ |
| Abby Drubetsky | Brand Manager | Unilever's enforcement of its rights in the SIMPLE® trademark | Resides in New York, NY and works in New York, NY and Englewood Cliffs, NJ |
| Jenny Chiu | Associate Brand Manager | Unilever's promotion of the of the SIMPLE® trademark | Resides in New York, NY and works in New York, NY and Englewood Cliffs, NJ |
| Anne Jensen | Brand Director | Unilever's ownership, development and use of the of the SIMPLE® trademark | Resides in Connecticut and works in New York, NY, Connecticut, and Englewood Cliffs, NJ |
| James Schwab | Brand Manager | Unilever's marketing strategy for products sold under the SIMPLE® trademark | Resides in Englewood Cliffs, NJ and works in New York, NY and Englewood Cliffs, NJ |
| Doug Banes | Sales Manager | Unilever's sales of and profits from the sales of SIMPLE® branded products | Works in New York, NY and Englewood Cliffs, NJ |

4. In addition, Unilever has witnesses who are located in England and whose testimony will be material to this litigation. These witnesses will be far more inconvenienced if

2

this litigation were to be transferred to Minnesota because traveling from England to Minnesota is far more inconvenient than traveling from England to New York City. Here is a list of witnesses who live in England and who have critical knowledge that is material to this litigation:

| Witness | Title | Knowledge | Location |
|---|---|---|---|
| Ernie Hoover | Director of Sales for Unilever | Knowledge of sales and profits of the SIMPLE® branded products | London, UK |
| Alex Pike | Global VP for Unilever | Knowledge of the adoption and early use of the SIMPLE® trademark | London, UK |

5. Here is a list of non-party witnesses who will be inconvenienced by the transfer of this litigation to the District of Minnesota and who would not be amenable to process in the District of Minnesota in the event this litigation is transferred there:

| Witness | Title | Knowledge | Location |
|---|---|---|---|
| Emily Sterm | Account Director at the advertising agency Arnold USA | Advertising and promotional strategy for Unilever's products sold under the SIMPLE® trademark | Works in New York, NY |
| Annette Sally | Account Director at the advertising agency Arnold USA | Advertising and promotion of Unilever's SIMPLE® trademark | Works in New York, NY |
| Jill Rothman | Producer of Advertising at the advertising agency Arnold USA | Advertising expenditures and market share for products sold under Unilever's SIMPLE® trademark | Works in New York, NY |
| Kaitlin Garvey | Digital Strategists at the agency Weber Shandwick | Media strategy for Unilever's SIMPLE® trademark | Works in New York, NY |
| Dave Aglar | VP Digital Communications at the agency Weber Shandwick | Communications strategy for Unilever's SIMPLE® trademark | Works in New York, NY |

3

6. The majority of the Unilever documents that are relevant to this litigation are located in New York, New York, including, but not limited to, documents that are located at Unilever's offices at Lever House, 390 Park Avenue, New York, New York, the offices of Duane Morris LLP, 1540 Broadway, New York, New York, the offices of Arnold USA, 110 Fifth Avenue, New York, New York, and Weber Shandwick, 919 3rd Avenue, New York, New York. In addition, some documents are located at offices in Englewood Cliffs, New Jersey and in England.

7. Furthermore, plaintiff Conopco, Inc. d/b/a Unilever is a New York corporation and the exclusive licensee of the SIMPLE® trademark. Unilever brought this suit in the Southern District of New York after discovering that Defendant was marketing, promoting, advertising and selling its SIMPLY branded beauty and skin care products in the New York City market. For example, Defendant's website advertises its SIMPLY branded products for sale in New York City. In addition, Defendant's SIMPLY branded products are openly sold in New York including very near our office at the Walgreen's® store located at 1471 Broadway.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 8, 2012

Gregory P. Gulia

DM2\3812789.2