```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ACCANTIA GROUP HOLDINGS,            :
                                    :
                    Plaintiffs,     :
                                    :
     - against -                    :    12 Civ. 5042 (VM)
                                    :
FOOD MARKET MERCHANDISING, INC.,    :    DECISION AND ORDER
                                    :
                    Defendant.      :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

By letter dated September 27, 2012 (Docket No. 9), defendant Food Market Merchandising, Inc. ("FMMI") requested that the Court issue an order transferring this action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a). By letter dated October 8, 2012 (Docket No. 8), plaintiffs Accantia Group Holdings d/b/a Accantia Group Holdings Company ("Accantia") and Conopco, Inc. d/b/a Unilever ("Conopco") (collectively, "Unilever") opposed FMMI's request. Upon consideration of the parties' submissions and arguments, the Court **DENIES** FMMI's motion to transfer this action to the District of Minnesota.

## I.   BACKGROUND

Accantia owns a number of United States federal registrations for the SIMPLE® trademark pertaining to skin and beauty care products. Conopco is the exclusive licensee of the SIMPLE® trademark. FMMI markets and sells its own line of skin and beauty products labeled "SIMPLY." Unilever alleges that FMMI's actions constitute willful infringement of the SIMPLE®

1

trademark. Unilever filed the instant action in this Court asserting federal, New York state, and common law claims.

## II. DISCUSSION

A. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice" a court may transfer a civil action to any district where the action "might have been brought." 28 U.S.C. § 1404(a) ("§ 1404(a)"). The Court's initial inquiry in deciding a § 1404(a) motion to transfer is "whether the case could have been brought in the proposed transferee district." Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004). If so, courts then consider the following non-exclusive factors in deciding whether a transfer is warranted: (1) the convenience of the witnesses and the availability of process to compel the attendance of unwilling witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the relative means of the parties; (6) the comparative familiarity of each district with the governing law; (7) the weight accorded to the plaintiff's choice of forum; and (8) judicial economy and the interests of justice. See id.

"The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." CAVU

Releasing, LLC v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (citation and internal quotation marks omitted). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992).

B.  APPLICATION

The initial inquiry poses no hurdle in this case: Plaintiffs do not dispute that this action could have been brought in the District of Minnesota. However, the factors raised by FMMI in its September 27, 2012 letter do not constitute clear and convincing evidence in favor of transfer.

Most importantly, the Court finds Unilever's forum choice is entitled to considerable deference because there is a "material connection . . . between the forum state and the underlying events." Orb Factory, Ltd. v. Nova Design Grp., Ltd., 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998); see also AEC One Stop Grp., Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004) ("Where there is ongoing business activity in the chosen forum . . . plaintiff's choice of forum is given more deference than it would if the connection to this forum were truly de minimis.") (citation and internal quotation marks omitted). Indeed, the Court is persuaded that New York is the locus of operative facts because the allegedly infringing products are marketed and sold in New York. See ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 549 (S.D.N.Y. 2008) ("In

actions alleging trademark infringement or unfair competition, courts in this district have held the locus of operative facts to be in the initially chosen forum if acts of infringement, dilution, or unfair competition occur in that forum.") (citation and internal quotation marks omitted). That the goods in question are designed and manufactured elsewhere reduces this factor's weight in the Court's calculus, see Herbert, 325 F. Supp. 2d at 289, but the facts are nevertheless sufficient to demonstrate a "material connection" to the initial forum for purposes of establishing deference to Unilever's forum choice.

The remaining factors highlighted by FMMI do not tip the balance. FMMI correctly notes that courts generally accord great weight to the convenience of witnesses, but the presence of FMMI's party and non-party witnesses in Minnesota does not compel transfer in this case for several reasons. To begin, Unilever has identified witnesses located in the New York City area. Merely shifting the inconveniences of the one party and its witnesses to the other does not support transfer. See NBA Props., Inc. v. Salvino, Inc., No. 99 Civ. 11799 AGS, 2000 WL 323257, at *7 (S.D.N.Y. Mar. 27, 2007). Unilever also has stated its willingness to conduct depositions in Minnesota, thereby reducing the burden on FMMI's witnesses. Moreover, the convenience of non-party witnesses generally carries more weight than the convenience of party witnesses, see Herbert, 325 F. Supp. 2d at 286, but these are precisely the witnesses for whom FMMI offered the least amount of detail, see NBA Props., 2000 WL

4

323257, at *5 (requiring a "specific list" of probable witnesses who will be inconvenienced).[1]

Finally, neither the location of relevant documents and the relative ease of access to sources of proof, nor the relative means of the parties are compelling factors where two corporations square off in the digital age. See American S.S. Owners Mut. Prot. & Indemn. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."); AEC One Stop Grp., Inc., 326 F. Supp. 2d at 531 (granting "little weight" to relative means of parties "[w]hen both parties are corporations"). For all of the reasons mentioned above, FMMI's final argument that the totality of circumstances justifies transfer because of increased efficiency and the interests of justice also fails.

---

[1] In addition, FMMI gives no indication that these potential non-party witnesses are unwilling to testify without a subpoena. See Eres N.V. v. Citgo Asphalt Refining Co., 605 F. Supp. 2d 473, 482 (S.D.N.Y. 2009) (noting that party witnesses are irrelevant for this factor and finding that availability of process to compel attendance does not weigh in favor of transfer when no non-party witness indicated unwillingness to testify).

## III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Food Market Merchandising, Inc. to transfer this action to the United States District Court for District of Minnesota is **DENIED**.

**SO ORDERED.**

Dated:    New York, New York
          29 November 2012

                                                  _____
                                                  VICTOR MARRERO
                                                       U.S.D.J.