Mark Bradford
MARK BRADFORD, P.C.
299 12th Street
Brooklyn, New York 11215-4903
Telephone:  (347) 413-3287
Email: mb@markbradfordpc.com

*Attorneys for Defendant*

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
ACCANTIA GROUP HOLDINGS d/b/a       :
ACCANTIA GROUP HOLDINGS              :
COMPANY and CONOPCO, INC. d/b/a     :
UNILEVER,                                             :      Index No. 12 CV 5042 (VM)
                                                              :
                                   *Plaintiffs*,          :
                                                              :      **DEFENDANT FOOD MARKET**
                 v.                                         :      **MERCHANDISING, INC.'S**
                                                              :      **ANSWER AND AFFIRMATIVE**
                                                              :      **DEFENSES TO COMPLAINT**
FOOD MARKET MERCHANDISING,       :
INC.,                                                      :
                                                              :
                                   *Defendant*.       :
-------------------------------------------------------- x

Defendant Food Market Merchandising, Inc., for its Answer to the Complaint of Plaintiffs Accantia Group Holdings d/b/a Accantia Group Holdings Company ("**Accantia**") and Conopco, Inc. d/b/a Unilever ("**Unilever**"), denies each and every allegation contained in the Complaint, except those allegations which are specifically admitted, qualified, or otherwise answered in this Answer as follows:

1. In response to the allegations contained in the paragraph of the Complaint entitled "Substance of the Action," Food Market Merchandising, Inc. denies that its personal care products sold under the SIMPLY mark violate Accantia's and Unilever's rights in the SIMPLE mark and denies that its conduct constitutes federal trademark infringement,

unfair competition, deceptive trade practices, or dilution, or that its conduct constitutes tarnishment and injury to the business reputation of Accantia and Unilever under the state and common laws of the State of New York. The remaining allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that this paragraph contains further factual allegations, Food Market Merchandising, Inc. denies them.

2. The allegations contained in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

3. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

4. The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains any factual allegations, Food Market Merchandising, Inc. denies them.

5. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 4 of the Complaint and therefore denies them.

6. In response to the factual allegations in Paragraph 5 of the Complaint, Food Market Merchandising, Inc. admits that it is a corporation duly organized and existing under the laws of Minnesota with offices at 6401 W. 106th Street, Minneapolis, Minnesota 55438.

-3-

7. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 6 of the Complaint and therefore denies them.

8. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 7 of the Complaint and therefore denies them.

9. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 8 of the Complaint and therefore denies them.

10. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 9 of the Complaint and therefore denies them.

11. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 10 of the Complaint and therefore denies them.

12. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 11 of the Complaint and therefore denies them.

13. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 12 of the Complaint and therefore denies them.

14. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 13 of the Complaint and therefore denies them.

15. In response to the factual allegations in Paragraph 14 of the Complaint, Food Market Merchandising, Inc. asserts that the print-outs annexed as Exhibit 1 to the Complaint speak for themselves. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of any further factual allegations contained in this paragraph and therefore denies them.

16. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 15 of the Complaint and therefore denies them.

17. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 16 of the Complaint and therefore denies them.

18. In respect to the allegations contained in Paragraph 17 of the Complaint, Food Market Merchandising, Inc. denies that it had actual knowledge of Accantia's and Unilever's rights in the SIMPLE mark, denies that it willfully infringed upon those rights, and denies that the SIMPLE mark is identical or almost identical to Food Market Merchandising, Inc.'s SIMPLY mark. Food Market Merchandising, Inc. admits that it markets, promotes, advertises, and sells personal care products under the SIMPLY mark. To the extent that this paragraph contains any further factual allegations, Food Market Merchandising, Inc. denies them.

19. In response to the factual allegations in Paragraph 18 of the Complaint, Food Market Merchandising, Inc. admits it manufactures, markets, distributes, and sells its personal care products with the SIMPLY mark through a variety of trade channels, including superstores, drugstores, and online retailers, and that the photograph annexed to the Complaint as Exhibit 2 depicts Food Market Merchandising, Inc.'s personal care products sold with the SIMPLY mark. Food Market Merchandising, Inc. denies any further factual allegations in this paragraph and specifically denies that its products bearing the SIMPLY mark infringe upon Accantia's and Unilever's rights in the SIMPLE mark.

20. Food Market Merchandising, Inc. denies the factual allegations in Paragraph 19 of the Complaint. Food Market Merchandising, Inc. specifically denies that it intended to imitate or evoke Accantia's and Unilever's SIMPLE product packaging.

21. Food Market Merchandising, Inc. denies the factual allegations in Paragraph 20 of the Complaint. Food Market Merchandising, Inc. specifically denies that it had actual knowledge of the SIMPLE mark or that it intended to imitate the SIMPLE product packaging or profit from or trade upon goodwill in that packaging.

22. Food Market Merchandising, Inc. denies the factual allegations in Paragraph 21 of the Complaint.

23. In respect to the allegation in Paragraph 22 of the Complaint, Food Market Merchandising, Inc. admits that its personal care products with the SIMPLY mark include the colors green and white and that they feature the word "Simply." The remaining allegations contained in Paragraph 22 of the Complaint are legal conclusions

to which no response is required. To the extent that this paragraph contains any further factual allegations, Food Market Merchandising, Inc. denies them.

24. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 23 of the Complaint. Food Market Merchandising, Inc. specifically denies that it intended to confuse consumers or create any false association between its products and those of Accantia and Unilever.

25. The allegations contained in Paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains any factual allegations, Food Market Merchandising, Inc. denies them.

26. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 25 of the Complaint. Food Market Merchandising, Inc. specifically denies that it intended to trade upon goodwill in the SIMPLE mark or intended to benefit from any recognition of that mark.

27. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 26 of the Complaint. Food Market Merchandising, Inc. specifically denies that it intended to confuse consumers as to the source of its products sold under the SIMPLY mark or that it intended to trade upon Accantia's and Unilever's intellectual property, goodwill, or reputation.

28. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies them.

29. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 28 of the Complaint. Food Market Merchandising, Inc. specifically denies that its conduct infringes upon Accantia's and Unilever's rights in the SIMPLE mark.

30. In response to the factual allegations in Paragraphs 29 and 30 of the Complaint, Food Market Merchandising, Inc. admits that it received a letter from Unilever's counsel prior to the filing of the Complaint and asserts that the contents of that letter speak for themselves. The remaining allegations in those paragraphs are legal conclusions to which no response is required. To the extent that this paragraph contains any further factual allegations, Food Market Merchandising, Inc. denies them.

31. In response to the factual allegations in Paragraph 31 of the Complaint, Food Market Merchandising, Inc. denies that it is promoting or fostering consumer confusion, that it is engaging in unfair competition, and denies that the SIMPLY mark is confusingly similar or imitative of the SIMPLE mark. To the extent that this paragraph contains any further factual allegations, Food Market Merchandising, Inc. denies them.

32. In response to the factual allegations in Paragraph 32 of the Complaint, Food Market Merchandising, Inc. admits that it has not agreed to cancel its trademark registration for the SIMPLY mark. Food Market Merchandising, Inc. denies all other allegations in this paragraph.

33. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 33 of the Complaint. Food Market Merchandising, Inc. specifically denies that it intends to trade upon the goodwill appurtenant to the SIMPLE mark.

34. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 34 of the Complaint.

35. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 35 of the Complaint. Food Market Merchandising, Inc. specifically denies that it intended to imitate the SIMPLE mark or cause confusion, mistake, or deception.

36. In response to the allegations contained in Paragraph 36 of the Complaint, Food Market Merchandising, Inc. admits that it filed a Section 1(b) application to register its SIMPLY mark in International Class 3 on an intent-to-use basis and that the application was converted to a use-based application. To the extent that this paragraph contains any further factual allegations, Food Market Merchandising, Inc. denies them.

37. Food Market Merchandising, Inc. denies the factual allegations in Paragraph 37 of the Complaint. Food Market Merchandising, Inc., specifically denies that the SIMPLE mark symbolizes extraordinary fame or enormous goodwill among the consuming public and denies that it had any actual knowledge of the use, trademark registration, or fame and goodwill, if any, of the SIMPLE mark.

38. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies them. Food Market Merchandising, Inc. specifically denies that Accantia and Unilever are being damaged in any way by Food Market Merchandising, Inc.'s use of the SIMPLY mark.

39. The allegations contained in Paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

40. Paragraph 40 of the Complaint is a reallegation of facts for which further response is not required. To the extent that this paragraph contains further factual allegations against Food Market Merchandising, Inc., Food Market Merchandising, Inc. denies them.

41. The allegations contained in Paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

42. Food Market Merchandising, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of the Complaint and therefore denies them.

43. Food Market Merchandising, Inc. denies the allegations in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

45. Paragraph 45 of the Complaint is a reallegation of facts for which further response is not required. To the extent that this paragraph contains further factual allegations against Food Market Merchandising, Inc., Food Market Merchandising, Inc. denies them.

46. The allegations contained in Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

47. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 47 of the Complaint.

48. The allegations contained in Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

49. Paragraph 49 of the Complaint is a reallegation of facts for which further response is not required. To the extent that this paragraph contains further factual allegations against Food Market Merchandising, Inc., Food Market Merchandising, Inc. denies them.

50. The allegations contained in Paragraph 50 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

51. The allegations contained in Paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

52. Food Market Merchandising, Inc. denies the allegations contained in Paragraph 52 of the Complaint.

53. The allegations contained in Paragraph 53 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

54. The allegations contained in Paragraph 54 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

55. Paragraph 55 of the Complaint is a reallegation of facts for which further response is not required. To the extent that this paragraph contains further factual allegations, Food Market Merchandising, Inc. denies them.

56. The allegations contained in Paragraph 56 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

57. The allegations contained in Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

58. Paragraph 58 of the Complaint is a reallegation of facts for which further response is not required. To the extent that this paragraph contains further factual allegations against Food Market Merchandising, Inc., Food Market Merchandising, Inc. denies them.

59. The allegations contained in Paragraph 59 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

60. The allegations contained in Paragraph 60 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

61. The allegations contained in Paragraph 61 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

62. Paragraph 62 of the Complaint is a reallegation of facts for which further response is not required. To the extent that this paragraph contains further factual allegations, Food Market Merchandising, Inc. denies them.

63. The allegations contained in Paragraph 63 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

64. The allegations contained in Paragraph 64 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

65. The allegations contained in Paragraph 65 of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations, Food Market Merchandising, Inc. denies them.

66. The paragraphs numbered 1–12 that follow Paragraph 65 of the Complaint are a prayer for relief to which no response is required. To the extent that these paragraphs contain factual allegations, Food Market Merchandising, Inc. denies them.

## **Affirmative Defenses**

1. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

2. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

3. The claims made in the Complaint are barred by laches, in that Accantia and Unilever unreasonably delayed efforts to enforce their rights, if any, despite their full awareness of Food Market Merchandising, Inc.'s actions.

4. The claims made in the Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

## Prayer for Relief

WHEREFORE, Food Market Merchandising, Inc. prays for judgment as follows:

1. That Accantia and Unilever take nothing by way of their Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3. That Food Market Merchandising, Inc. be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 14, 2012

MARK BRADFORD, P.C.

By _____
Mark Bradford (MB 6002)
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Email: mb@markbradfordpc.com

*Of Counsel:*
Carl Christensen
CARL CHRISTENSEN LAW OFFICE PLLC
800 Washington Avenue North, Suite 704
Minneapolis, Minnesota 55401
Telephone: (612) 823-4427
Email: carl@clawoffice.com

*Attorneys for Defendant*

TO:   DUANE MORRIS LLP
Gregory P. Gulia, Esq.
Vanessa C. Hew, Esq.
Robert Terry Parker, ESQ.
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
Fax: (212) 692-1020

*Attorneys for Plainitffs*