IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
ACCANTIA GROUP HOLDINGS d/b/a              :
ACCANTIA GROUP HOLDINGS COMPANY            :
and CONOPCO, INC. d/b/a UNILEVER           :
                                           :
                  Plaintiffs,              :
                                           :
      -against-                            :   Civil Action No. 12-CV-5042 (ER)
                                           :
FOOD MARKET MERCHANDISING, INC.            :
                                           :
                  Defendant.               :
-----------------------------------------------------------X
```

## INITIAL CONFERENCE REPORT

In accordance with the Court's June 27, 2012 Order, Plaintiffs Accantia Group Holdings d/b/a Accantia Group Holdings Company and Conopco, Inc. d/b/a Unilever (collectively "Plaintiffs") and Defendant Food Market Merchandising, Inc. ("Defendant") submit the following Initial Report of the Parties, pursuant to Section I.A. of the Complex Case Management Procedures:

1.  **The parties' positions on the applicable topics of the "Initial Pretrial Conference Checklist" are set forth below:**

    1.  **Document preservation**

    Counsel for Plaintiffs and Counsel for Defendant have informed their respective clients of the need to preserve documents. Plaintiffs and Defendant agree to take reasonable steps to preserve electronically stored information and that electronically stored information will be produced by a method to be later agreed upon by the parties in light of the relevant electronically stored information available.

2. **Appropriateness of initial disclosures pursuant to Rule 26(a)(1)**

The parties agree that initial disclosures under Rule 26(a)(1) are appropriate. The parties agree to exchange initial disclosures by September 4, 2013. There is no readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures.

3. **Possibility of a stay or limitation of discovery pending a dispositive motion**

There are currently no pending dispositive motions, thus no stay or limitation of discovery is necessary.

4. **Possibility of communication/coordination between the magistrate judge and district judge with respect to pretrial matters**

The parties take no position as to the coordination between the magistrate judge and the district judge with respect to pretrial matters.

5. **Preliminary issues that are likely to arise that will require the Court's intervention**

The parties agree that there are no preliminary issues that will require the Court's intervention, except that the parties reserve the right to request from this Court a modification of the proposed discovery schedule for good cause shown.

6. **Discovery issues that are envisioned and how discovery disputes will be resolved**

The parties do not envision any discovery disputes at this time. However, if a discovery dispute arises, the parties agree to resolve the dispute through motion practice consistent with the procedures set forth in Section II of the Standing Order, dated June 27, 2012, in *In re: Pilot Project Regarding Case Mgmt. Techniques for Complex Civil Cases in the Southern District of New York*, 11-mc-388.

7. **Proposed discovery including**

   a. **Limitations on types of discovery beyond those in the rules (i.e., waiver of interrogatories, requests for admission, expert depositions)**

The parties do not agree to any additional limitations on types of discovery.

   b. **Limitations on scope of discovery**

The parties do not agree to any limitations on the scope of discovery.

   c. **Limitations on timing and sequence of discovery**

The parties do not agree to any limitations on the timing or sequence of discovery.

   d. **Limitations on restoration of electronically-stored information**

The parties do not agree to any limitations on restoration of electronically-stored information.

   e. **Agreement to allow depositions of trial witnesses named if not already deposed**

The parties agree to allow depositions of trial witnesses named if not already deposed.

   f. **Preservation depositions**

The parties have not yet determined the extent to which they will require preservation depositions.

   g. **Foreign discovery and issues anticipated**

The parties agree that there are no anticipated foreign discovery issues.

8. **Schedule (as appropriate and possibly excluding public agency cases) including:**

   a. **Date(s) for completion of discovery**

Fact discovery will continue until January 24, 2014, and expert discovery will continue until January 24, 2014, unless otherwise ordered by this Court.

      **b.**      **Date(s) for dispositive motions**

Dispositive motions shall be served by February 14, 2014.  Answering papers shall be served by February 28, 2014.  Reply papers are to be served by March 7, 2014.

      **c.**      **Date(s) for exchange of expert reports**

The parties shall exchange their export reports by December 6, 2013.  The parties shall exchange their rebuttal reports by December 20, 2013.

      **d.**      **Date(s) for exchange of witness lists**

In the event that no dispositive motions are filed, the parties shall exchange witness lists by March 3, 2014.

      **e.**      **Date(s) for joint preliminary trial reports and final joint trial reports**

The parties shall submit a Joint Preliminary Trial Report by March 3, 2014 and a Final Joint Trial Report by April 7, 2014.

      **f.**      **Date for case management conference**

A case management conference shall be scheduled by the Court at the Initial Court Conference.

**9.**      **Issues to be tried**

The parties agree that the issues to be tried will include (1) whether Defendant's use of the SIMPLY® mark and packaging infringes and/or has infringed Plaintiffs' intellectual property rights in Plaintiffs' SIMPLE® mark and SIMPLE® trade dress; (2) Defendant's knowledge of Plaintiffs' use of the SIMPLE® mark and SIMPLE® trade dress; (3) Defendant's selection and adoption of the SIMPLY® mark and packaging; (4) Defendant's use of SIMPLY in connection with its personal care product; and (5) if there is a finding of infringement, the nature and extent of any damages and/or other relief to be awarded.

      **a.**    **Ways in which issues can be narrowed to make trial more meaningful and efficient**

The parties anticipate that certain issues may be narrowed subject to discovery.

      **b.**    **Whether there are certain issues as to which a mini-trial would be helpful**

The parties agree that at this time there are no issues as to which a mini-trial would be helpful.

**10.**    **Bifurcation**

The parties do not seek to have the trial bifurcated.

**11.**    **Class certification issues**

The parties agree that there are no class certification issues.

**12.**    **ADR/mediation**

The parties are mindful of the need to conserve judicial resources and may consider engaging in mediation.

**13.**    **Possibility of consent to trial before a magistrate judge**

The parties do not consent to trial before a magistrate judge.

**14.**    **Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments**

At this time, the parties do not anticipate the need to amend the pleadings, but reserve the right to do so subject to discovery.

**15.**    **Joinder of additional parties, and the likelihood and timing of joinder of additional parties**

The parties reserve the right to join additional parties.

**16.**    **Expert witnesses**

The parties anticipate that they may utilize expert witnesses and reserve the right to conduct appropriate expert discovery.

17. **Damages**

Plaintiffs have not yet made a computation of damages because such a calculation depends on evidence and information to be obtained during the discovery period.

18. **Final pretrial order**

The parties do not waive a final pretrial order.

19. **Possible trial ready date**

Under the schedule proposed in paragraph 8, this case will be ready for trial approximately six months from the Initial Court Conference.

20. **Court logistics and mechanics**

The parties do not request any modifications to the procedures set forth in this Court's Individual Practices, the Local Rules for the S.D.N.Y. or the Federal Rules of Civil Procedure.

21. **The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel**

The parties do not anticipate any need to meet and confer regarding any issues raised at the Initial Court Conference.

2. **The parties schedule for fact and expert discovery is set forth above. The parties respond as follows to the specific issues described in Section I.A. ¶2:**

    a. As further described above, the parties do not wish to limit the production of documents, including electronically stored information.

    b. As further described above, the parties do not wish to limit depositions by number of days or by the elimination of expert depositions.

    c. A protocol and schedule for electronic discovery are set out above. There are currently no disputes between the parties regarding the scope of electronic discovery.

    d. The parties recommend that expert discovery precede summary judgment practice.

    e. The parties agree to allow depositions preceding trial of trial witnesses not already deposed.

**3.      Thus far, the parties' settlement discussions have been unsuccessful.  The parties may be willing to participate in mediation at a later determined date.**

Dated:  New York, New York
          August 20, 2013


Respectfully Submitted,


  /Gregory P. Gulia/                                                    /Mark Bradford/

Gregory P. Gulia                                         Mark Bradford
Vanessa C. Hew                                           MARK BRADFORD, P.C.
DUANE MORRIS LLP                                         299 12th Street
1540 Broadway                                            Brooklyn, NY 11215-4903
New York, NY 10036-4086                                  347-413-3287 (Telephone)
212-692-1000 (Telephone)                                 mb@markbradfordpc.com (Email)
212-692-1020 (Facsimile)
gpgulia@duanemorris.com (Email)                          and
vchew@duanemorris.com (Email)

                                                         Carl Christensen
Attorneys for Plaintiffs                                 CARL CHRISTENSEN LAW OFFICE PLLC
                                                         800 Washington Avenue North, Suite 704
                                                         Minneapolis, MN 55401
                                                         612-823-4427 (Telephone)
                                                         612-823-4777(Facsimile)
                                                         carl@clawoffice.com (Email)

                                                         Attorneys for Defendant


DM2\4379791.1